————o————

F. M. Pidcock, Respondent, vs. H. S. Buffam, et al., Appellants.

1. *Administration—Statute directing estate to be turned over to widow, etc., not applicable to land—Conveyance by widow of such estate—Dower.*—The provision of the administration law, (Wagn. Stat., 113, ½ 15) directing that where the estate administered is not more than that to which the widow is entitled, and there are no debts, etc., such estate shall be delivered to her, has no application to realty. Hence, where for the causes mentioned in that provision, it is ordered that land be turned over to the widow, a deed made by her on the faith of such order, will not convey title as against the claims of the heirs to the property. And in ejectment brought by them against her grantees, her dower interest not having been assigned, cannot be interposed as a defense.

*Appeal from Crawford Circuit Court.*

J. O. Kiskaddon, for Appellants.

I. The widow had dower in the lot under section 5, Wagn. Stat., p. 539, amounting to one-half. The defendants stand in the same relation to plaintiffs in this action as Mary J. Browning would, if she were defendant, for they went into possession under her deed, and made improvements on the lot on the faith that their title derived from her was good.

II. But the absolute title was transferred to Mary Browning by the order of the probate court, pursuant to § 15, p. 113, Wagn. Stat.

It may be objected that the real estate goes to the heirs, and only the personal estate to the administrator, and therefore personal estate alone was meant. But the language of the statute is, if it appears " from the inventory and appraisement," etc., and the land is always inventoried. This section gives the probate court original jurisdiction to determine the question judicially whether the " whole amount of the estate " is not more than that to which the widow is entitled.

*N. G. Clark*, for Respondent.

I. Section 15, Art. 6, was intended simply to provide for turning over to the widow without unnecessary expense of administration, such property as is given her by §§ 33, 34, 35 and 36, Art. 2, and has no reference to real estate, and the order of the probate court, so far as related to real estate, was void.

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment to recover a lot in the town of Cuba. The following facts appeared at the trial: Theo. A. Browning owned the lot in controversy, and died in 1864, without issue. His estate was administered by one W. H. Pidcock. This administrator appeared in the probate court, asking the court, under the fifteenth section of article 6, (Wagn. Stat., 113) to dispense with further administration, and hand over to the widow the lot in question, which was all the estate Browning had. This order is as follows: "Now, on this day comes W. H. Pidcock, administrator of said estate, and files his petition, verified by affidavit, stating among other things, that there are no debts against said estate, that the same have all been fully paid, and there is not sufficient personal estate for the payment of the widow's absolute dower, and that said deceased died seized of the following described real estate, to-wit: lot No. 1, in block 24,

in the town of Cuba; and prays the court for an order directing him as such administrator, to turn over said real estate, to the widow, she being the only heir to said estate, the deceased dying intestate and without issue—all of which being examined and fully understood, it is by the court ordered that said W. H. Pidcock, as administrator aforesaid, turn over to the widow of said deceased, all the real estate in the petition specified, together with all appurtenances thereto belonging. and file his receipt therefor according to law."

Mrs. Browning then assuming doubtless that this order conveyed to her an absolute title, executed a deed for the same, in consideration of $95, to one Amsden, and Amsden conveyed to defendant, who went into possession and built a house on the lot.

The plaintiff's title was derived from deeds made by Browning's brothers and sisters and mother, who were his heirs, and the deeds are conceded to be valid in all respects.

The court decided the case for the plaintiff. It is hardly worth while to recite the instructions.

The whole difficulty, or rather the monstrous injustice of this case as it stands, grows out of a mistake of the probate court, who supposed that the 15th section of the 8th article, of our administration law, applied to real estate as well as personal.

Mrs. Browning was in this way misled, and of course, under the impression that this order gave her a complete title, did not even avail herself of the privilege, which the statute gives her, of electing one-half of the estate. She is then thrown back upon her dower, as at common law, and provided for under the first section of the dower law. She has not parted with that—indeed the authorities agree that she cannot sell this until after assignment. But the title of the plaintiff, from the heirs of Browning, is complete. His widow's right to dower must be asserted in another shape, and is no defense to the suit.

Judgment affirmed. All the other judges concur.